UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

A.S.,

        Plaintiff,               Civil No. 14-147 (NLH/KMW)

v.

                                    **ORDER**

HARRISON TOWNSHIP BOARD OF
EDUCATION,

        Defendant.
_____

**APPEARANCES:**

Jamie Epstein, Esquire
107 Cherry Parke, Suite C
Cherry Hill, New Jersey 08002

    *Counsel for Plaintiff*

Brett E.J. Gorman, Esquire
Parker McCay PA
9000 Midlantic Drive
Suite 300
Mt. Laurel, New Jersey 08054

    *Counsel for Defendant Harrison Township Board of Education*

William S. Donio, Esquire
Cooper Levenson, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891

    *Counsel for Non-Party East Greenwich School District*

**HILLMAN, District Judge:**

    This matter comes before the Court by way of motion [Doc. No. 94] of Plaintiff, A.S., seeking an order staying a text order entered by Karen M. Williams, United States Magistrate

1

Judge, that allows non-party East Greenwich School District (hereafter, "East Greenwich") to participate through counsel in a conference call on April 21, 2015 at 2:00 p.m.; and

Plaintiff also seeking entry of an order removing East Greenwich from the electronic docket of this matter and precluding Defendant Harrison Township Board of Education from disclosing information pertaining to A.S.'s records outside of Harrison's litigation group until a protective order is signed; and

The Court noting that Plaintiff has filed a motion to amend the complaint to add East Greenwich as a defendant in this matter, which motion is presently pending before this Court; and

The Court also noting that subsequent to the filing of Plaintiff's motion to amend, the case was stayed pursuant to a scheduling order entered by Magistrate Judge Williams on February 10, 2015, so that the parties could engage in settlement negotiations; and

The Court further noting that on April 9, 2015, Magistrate Judge Williams entered a text order scheduling a telephone status conference in this matter.  At the request of Plaintiff's counsel, the conference was then rescheduled to April 21, 2015; and

Counsel for East Greenwich having sent a letter [Doc. No. 92] to Magistrate Judge Williams dated April 15, 2015, in which

2

counsel states that he had contacted Judge Williams' chambers to inquire as to whether the Court expected East Greenwich to participate in the status conference; and the letter further indicating that counsel for East Greenwich was informed that Judge Williams "would likely want [East Greenwich] to participate in the status conference" if East Greenwich "had updated information that could help move this case forward" (Letter from Andrew D. Linenberg, Esq. [Doc. No. 92], Apr. 15, 2015); and

The letter also indicating that Plaintiff's counsel objected to East Greenwich's participation in the status conference; and

Magistrate Judge Williams having then entered a text order on April 16, 2015 which stated that "Counsel for East Greenwich Twp. Board of Education is expected to appear for the telephone status conference previously set for April 21, 2015 at 2:00 p.m."; and

It appearing that Plaintiff seeks a stay because he intends to appeal Magistrate Judge Williams' text order pursuant to L. Civ. R. 72.1c(1)(A), although such appeal had not been filed as of the date of the scheduled conference; and

The Court noting that pursuant to L. Civ. R. 72.1c(1)(B), "the filing of such a motion . . . to appeal does not operate to stay the order pending appeal to a Judge.  A stay of a

3

Magistrate Judge's order pending appeal must be sought in the first instance from the Magistrate Judge whose order had been appealed, upon due notice to all interested parties;" and

Plaintiff has not sought from Magistrate Judge Williams a stay of her April 16, 2015 text order, but has rather addressed the motion to the undersigned, and Plaintiff therefore has not complied with L. Civ. R. 72.1c(1)(B); and

The Court also noting that "Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007). When a Magistrate Judge "has exercised discretion, the District Court will reverse the decision only for an abuse of that discretion" and deference "is 'especially appropriate where the Magistrate Judge has managed [a] case from the outset and developed a thorough knowledge of the proceedings.'" Hioutakos v. SimplexGrinnell LP, Civ. No. 2:10-4505, 2014 WL 1255197, at *1 (D.N.J. Mar. 26, 2014)(citations omitted); and

Although no appeal has yet been filed, the Court has reviewed the record and finds at this time no basis to conclude that Magistrate Judge Williams abused her discretion in allowing East Greenwich to participate in a status conference. Plaintiff seeks to add East Greenwich as a party, and it appears that Magistrate Judge Williams has requested that East Greenwich

participate in the status conference to the extent East Greenwich has updated information that could help move this case forward.[1]  Furthermore, although Plaintiff has objected to East Greenwich's participation in the conference, counsel for Plaintiff has not provided any explanation for his refusal to consent, and the Court sees no basis to preclude East Greenwich from participating in a status conference in light of Plaintiff's effort to add East Greenwich as a party; and

The Court therefore finding at this time no basis to enter a stay of Magistrate Judge Williams' text order; and

Plaintiff also requesting through the instant motion additional relief, such as an order removing East Greenwich from the electronic docket and an order restraining Defendant Harrison Township from disclosing certain information.  Such relief is appropriately requested by way of a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), an issue

---

[1] The Court notes Plaintiff's argument that East Greenwich does not have standing to participate in the litigation.  However, the cases cited by Plaintiff in support of his argument are inapposite.  Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., Civ. No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) and Vasquez v. Summit Women's Ctr., Inc., No. 301-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) concern the standing of a proposed defendant to object to a motion to amend.  These cases do not address an interested non-party's ability to participate in a status conference when such participation was requested by a Magistrate Judge.

that may be raised with Magistrate Judge Williams during the status conference;

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 21st day of April 2015,

ORDERED that Plaintiff's motion [Doc. No. 94] for an order to show cause concerning a stay of Magistrate Judge Williams' text order [93] and seeking a temporary restraining order concerning the accessibility of Plaintiff's school and health records be, and the same hereby is, <u>DENIED</u>.

<u>  s/ Noel L. Hillman  </u><br>
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey