UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

A.S.,

                    Plaintiff,            Civil No. 14-147 (NLH/KMW)

v.                                        **OPINION**

HARRISON TOWNSHIP BOARD OF
EDUCATION, et al.,

                    Defendants.

_____


**APPEARANCES:**

Jamie Epstein, Esquire
107 Cherry Parke, Suite C
Cherry Hill, New Jersey 08002
     *Counsel for Plaintiff*

Brett E.J. Gorman, Esquire
Parker McCay PA
9000 Midlantic Drive
Suite 300
Mt. Laurel, New Jersey 08054
     *Counsel for Defendant Harrison Township Board of Education*


**HILLMAN, District Judge**

     Presently before the Court are two summary judgment motions

on the administrative record [Doc. Nos. 120, 121].  The Court

has considered the parties' submissions and decides this matter

pursuant to Federal Rule of Civil Procedure 78.  For the reasons

that follow, Plaintiffs A.S., H.S., and M.S.'s motion will be

granted in part and denied in part and Harrison Township Board of Education's motion will be denied.

## I.  **BACKGROUND**

The minor Plaintiff, A.S., has numerous alleged disabilities, including autism spectrum disorder, attention deficit hyperactivity disorder, epilepsy, and hearing impairment. (Third Am. Compl. ¶ 4 [Doc. No. 113].)  A.S. resides with his parents and legal guardians, Plaintiffs H.S. and M.S., in the Township of Mullica Hill, New Jersey.  (Id. ¶ 5.)

From September 2010 to June 2011, at the age of three, A.S. was classified as a preschool student with a disability and attended school in the Harrison Township School District for half day sessions.  (Oct. 11, 2013 ALJ Decision [Doc. No. 1-2 at 3].)  In June 2011, A.S. was determined to be ineligible for special education services and declassified.  (Id.)  From September 2011 to September 2012 A.S. attended Holding Hands Day Care preschool on a full time basis.  (Id.)  In June 2012, A.S. was reevaluated for special education and again found ineligible for special services.  From September 2012 to June 2013, Plaintiffs unilaterally placed A.S. at Cherrywood, a private school.  (Id.)  Plaintiffs filed a due process petition against the Harrison Township Board of Education ("Harrison" or "the district") seeking a finding that A.S. was eligible for special education services and that Cherrywood was an appropriate

2

placement.  In the October 11, 2013 decision, the Administrative Law Judge ("ALJ") determined that A.S. was denied a free and appropriate education for the 2011-2012 and 2012-2013 school years.  Plaintiffs do not appeal this finding, but argue the ALJ did not award enough compensatory education.

In the summer of 2014, the parties contemplated a placement at the Clark School in East Greenwich, New Jersey for the following school year. (Jan. 7, 2015 ALJ Decision [Doc. No 129 at 4].)  However, due in part to the fault of both parties, an individualized education plan ("IEP") was not agreed upon due to scheduling issues and Plaintiffs unilaterally revised A.S.'s IEP.  Right before the school year began the Clark School determined it could not implement A.S.'s IEP as revised by Plaintiffs. (Id. at 10-11.)  As a result of these placement issues, A.S. did not attend school for twelve days, from September 4-19, 2014. (Id. at 12.)  The district offered home instruction during this interim period until an IEP could be made, but Plaintiffs rejected the district's offer and unilaterally placed A.S. at Cherrywood, an unaccredited kindergarten that offered to provide A.S. modified first grade instruction. (Id.)  Plaintiffs incurred a cost of $15 per day for the Cherrywood placement from September 22 - October 31, 2014 and requested tuition reimbursement in another due process petition. (Id. at 12).  They also claimed entitlement to

3

mileage reimbursement and minimum wage for the time spent
driving A.S. to and from Cherrywood.  (Id.).  The ALJ awarded 10
hours of compensatory education per week for the time A.S. was
not in school, tuition reimbursement for Cherrywood, and some
mileage reimbursement for travel to and from Cherrywood.  (Id.
at 26, 30.)

Plaintiffs argue that the ALJ correctly determined in the
January 7, 2015 decision that A.S. was entitled to compensatory
education for the twelve school days he missed from September 4-
19, 2014.  However, they also argue that the ALJ should have
awarded A.S. compensatory education for six school hours per
day, rather than ten hours per week.  Further, they argue that
the ALJ erred in denying Plaintiffs minimum wage compensation
for the time spent transporting A.S. to school and that the ALJ
used the incorrect mileage rate in the calculation of mileage
reimbursement.  The district argues that the ALJ erred in
awarding any tuition reimbursement for the Cherrywood placement
in the fall of 2014.

## II.  **JURISDICTION**

The Court exercises subject matter jurisdiction over
Plaintiffs' IDEA claims pursuant to 28 U.S.C. § 1331.  The Court
exercises supplemental jurisdiction over Plaintiffs' related
state law claims pursuant to 28 U.S.C. § 1367.

## III. <u>STANDARD OF LAW</u>

The Third Circuit has outlined the standard of review of district courts when reviewing an appeal from the ALJ under the IDEA as follows:

> When considering an appeal from a state administrative decision under the IDEA, district courts apply a nontraditional standard of review, sometimes referred to as "modified de novo" review. Under this standard, a district court must give "due weight" and deference to the findings in the administrative proceedings. Factual findings from the administrative proceedings are to be considered prima facie correct, and if the reviewing court does not adhere to those findings, it is obliged to explain why. The "due weight" obligation prevents district courts from imposing their own view of preferable educational methods on the states.

<u>D.S. v. Bayonne Bd. of Educ.</u>, 602 F.3d 553, 564 (3d Cir. 2010) (citations omitted).

Even applying the modified de novo standard of review, the ALJ's credibility determination is given "special weight" because the ALJ heard live testimony and determined that one witness is more credible than another witness. <u>Id.</u> (citing <u>Shore Reg'l High Sch. Bd. of Educ. v. P.S.</u>, 381 F.3d 194, 199 (3d Cir. 2004)). "Specifically, this means that a District Court must accept the state agency's credibility determinations 'unless the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion.'" <u>Id.</u> (citations omitted). "[T]he word "justify" requires that the applicable standard of

review be essentially the same as that a federal appellate court applies when reviewing a trial court's findings of fact." Id. The school district bears the burden of proof and of production at the due process hearing before the ALJ.  See N.J. Stat. Ann. § 18A:46-1.1.

**IV.  ANALYSIS**

The Court considers the parties' arguments regarding the administrative record in turn.

**A. Plaintiffs' Arguments**

**1. Did the ALJ err in denying Plaintiffs' compensatory education claim for the 2010-2011 school year?**

New Jersey schools are required to provide students with a free, appropriate public education ("FAPE").  "Although a state is not required to supply an education to a handicapped child that maximizes the child's potential, it must confer an education providing 'significant learning' and 'meaningful benefit' to the child." D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 556 (3d Cir. 2010) (citation omitted).  Additionally, the IDEA includes a "mainstreaming requirement," meaning that students with disabilities are to be educated in the least restrictive environment, thus, to the maximum extent appropriate, a student with a disability must be educated with children who are not disabled.  Id. at 556-57; N.J.A.C. 6A:14-4.2(a)(1); 20 U.S.C. § 1412(a)(5)(A).

Plaintiffs first claim that the ALJ erred in denying A.S. compensatory education for the 2010-2011 school year.  As an initial matter, the parties do not agree on whether the ALJ found that A.S. was denied a FAPE for this school year. Plaintiffs interpret the ALJ's October 11, 2013 decision to hold that A.S. was denied a FAPE for the in 2010-2011 school year but was not entitled to compensatory education.  Harrison, in turn, argues that the ALJ did not find a denial of FAPE for this school year and points to the testimony of A.S.'s parents wherein they "admitted" during cross-examination that A.S. received all necessary services that school year.  (Opp. Br. at 8-9 (citing 8T:152:1-13)).

The ALJ's conclusions are ambiguous as to whether she found A.S. was offered a FAPE during the 2010-2011 school year.  In her decision, the ALJ explained how A.S.'s IEP could have been modified during the school year (Oct. 11, 2013 ALJ Decision at 33) and stated generally that Harrison did not provide A.S. with a FAPE (id. at 37), but only specifically concluded that A.S. was denied a FAPE during the 2011-2012 and 2012-2013 school years (id. at 40).

Nonetheless, the parties are asking the Court to review the ALJ's decision.  The burden is on the state to demonstrate that a FAPE was offered.  Oberti v. Board of Educ. of Borough of

Clementon School Dist., 995 F.2d 1204, 1219 (3d Cir. 1993).  To
meet this burden the district must establish that "it
implemented the procedures required by the IDEA and that the IEP
offered was 'reasonably calculated' to enable the disabled child
to receive 'meaningful educational benefits' proportionate to
[his or] her 'intellectual potential.'"  W.C. ex rel. R.C. v.
Summit Bd. of Educ., No. 06-5222, 2007 WL 4591316, at *3 (D.N.J.
Dec. 31, 2007) (citing Ridgewood Bd. of Educ. v. N.E., 172 F.3d
238, 247 (3d Cir. 1999)).

   The Court finds that Harrison has met its burden of showing
that it offered A.S. a FAPE for the 2010-2011 school year.  The
record demonstrates that:

- Kristin Piperno, a speech language pathologist for the
  district, testified that A.S. was successful in achieving
  seven educational goals during the 2010-2011 school year
  and only "one area was not good."  She testified that
  A.S. overall made "tremendous progress."  Further, the
  evaluations in June 2011 showed A.S. was in the above-
  average or high-average range, and indicated that A.S.
  was no longer eligible for special education.  (Oct. 11,
  2013 ALJ Decision at 8.)

- Andrea Startare, a special education teacher for the
  district and A.S., testified that A.S. had "age-

appropriate skills." At the April 26, 2011 IEP reevaluation meeting, she recommended that A.S. needed no special education services and needed more challenges, not fewer, because he was an average to above average student. (Id. at 16.)

While the ALJ noted that A.S. suffered from some medical problems such as asthma and ear infections and noted several evaluations which could have been performed to further test A.S., there is sufficient evidence showing that A.S.'s behaviors were "typical," that he developed "age-appropriate skills," and that he had a "nice foundation for future learning." (Id.) Further, H.S. testified that she and her husband were "surprised" that A.S. was determined to be ineligible for special education at the April 26, 2011 meeting because they thought "A.S. was doing well in school only because he had the added supports." (Id. at 8). For these reasons, the Court finds the district has satisfied its burden of showing that it provided A.S. a FAPE through his IEP for the 2010-2011 school year.

2. **Did the ALJ err in denying Plaintiffs' compensatory education claim for the 2011-2012 school year?**

For the 2011-2012 school year it is undisputed that the ALJ found A.S. was denied a FAPE and should have received an IEP.

(Oct. 11, 2013 ALJ Decision at 37, 40).  The ALJ denied
compensatory education for the 2011-2012 school year, however,
because "A.S. has made satisfactory progress at Cherrywood and
is on track with the assistance provided to him by the school."
(Id. at 40.)  Plaintiffs argue that A.S.'s current success
should not bar an award of compensatory education when the
district previously failed to provide an appropriate education.

The IDEA grants a district court reviewing an IDEA claim
the authority to grant whatever relief it "determines is
appropriate."  20 U.S.C. § 1415(i)(2); D.F. v. Collingswood
Borough Bd. of Educ., 694 F.3d 488, 496 (3d Cir. 2012).  The
Supreme Court determined that if parents incur the costs of a
private education because the public school fails to provide a
FAPE, tuition reimbursement constitutes appropriate relief.  Id.
(citing Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S.
359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)).  Additionally,
the Third Circuit determined that this remedy was not
exclusively applicable to parents who are able to afford an
alternative private placement and are entitled to reimbursement.
Id.  Rather, the award of compensatory damages may extend to
educational services the student should have received during the
period of time the FAPE was not provided. Id.; see also Lester
H. by Octavia P. v. Gilhool, 916 F.2d 865, 873 (3d Cir. 1990).
Accordingly, "courts, in the exercise of their broad discretion,

may award [compensatory education] to whatever extent necessary
to make up for the child's lost progress and to restore the
child to the educational path he or she would have traveled but
for the deprivation." G.L. v. Ligonier Valley Sch. Dist. Auth.,
802 F.3d 601, 625 (3d Cir. 2015).

Here, the ALJ found that because there was no discernable
lost progress for the 2011-2012 school year an award of
compensatory education was unnecessary.[1]  The ALJ's decision
relied on the fact that the following school year at Cherrywood
A.S. had a one-on-one aide to help him, one regular teacher and
one special education teacher, and a classroom maximum of 11
students, up to half of whom also had IEPs. (Oct. 11, 2013 ALJ

---

[1] Plaintiffs criticize the ALJ's decision because she applied
what Plaintiffs refer to as the "subsumption theory" by finding
that A.S. was not entitled to compensatory education because he
was then on track.  (Reply at 32-34).  Rather, Plaintiffs
implore the Court to award A.S. a full year of compensatory
education for the 2011-2012 school year because the Court must
look back to the period of deprivation without considering the
child's progress or his needs during that time period.  The case
relied on by Plaintiffs, however, discussed the "subsumption
theory" in the context of a child changing school districts.
The Third Circuit held that a school district no longer
responsible for educating a child is still responsible for
remedying past transgressions.  D.F. v. Collingswood Borough Bd.
of Educ., 694 F.3d 488, 497 (3d Cir. 2012).  That is not the
same factual scenario here.  Plaintiffs' interpretation of the
law ignores the Court's discretion to award appropriate relief
and Third Circuit precedent which limits compensatory education
awards to the extent required to restore the child's educational
path. G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601,
625 (3d Cir. 2015).  Accordingly, the Court must consider
whether the ALJ erred in finding that the child was restored.

Decision at 21).  The ALJ also considered a video of A.S. at Cherrywood where it was demonstrated that A.S. behaved appropriately.  Id.  The ALJ also heard testimony from Dr. Kathleen McCabe-Odri, a board certified behavioral analyst and co-founder of Cherrywood.  Dr. McCabe-Odri testified that A.S. was "progressing." (Id. at 23.)  For these reasons, the ALJ determined that compensatory education would be denied for 2011-2012 school year because A.S. was on track academically. (Id. at 40.)  Accordingly, the ALJ awarded tuition reimbursement for the 2012-2013 school year, but declined to award compensatory education for the year before.

While the Court is cognizant of the fact that the district is benefitting from Plaintiffs' unilateral placement at Cherrywood for the following 2012-2013 school year, the Court agrees with the ALJ that compensatory education for the 2011-2012 school year was unnecessary since A.S. was on the right educational path and did not require restoration.  Awarding A.S. further compensatory education under these circumstances would be akin to awarding damages which is not appropriate under the IDEA.  Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd of Educ., 587 F.3d 176, 186 (3d Cir. 2009).  Accordingly, the Court will affirm the ALJ's decision not to award compensatory education for the 2011-2012 school year.

12

3. **Did the ALJ err in denying an hour-for-hour compensatory education for the 2014-2015 school year?**

Plaintiffs argue that in the January 7, 2015 decision, the ALJ correctly awarded A.S. compensatory education for the twelve days he was denied any type of education from September 4-19, 2014.  Plaintiffs argue, however, that ALJ erred in only awarding ten hours per week of home instruction when she should have awarded 72 hours, which accounts for the hour-for-hour that A.S. was denied any type of educational benefit. (Supp. Br. at 1 [Doc. No. 150].)  It is undisputed that twelve school days were missed and that Cherrywood was six hours per day, thus Plaintiffs seek a total of 72 hours of compensatory education.  Harrison does not contest that A.S. is entitled to this time in its opposition brief.

The Court finds that A.S. is entitled to 72 hours of compensatory education rather than the 10 hours per week awarded by the ALJ.  The Court believes an award of full days of compensatory education are appropriate where A.S. received no educational benefit during this time.[2]

---

[2] Plaintiffs ask the Court to order that the 72 hours of compensatory education be placed in a trust fund to be used to pay Partners in Learning.  (Br. at 40.)  The District has submitted no opposition to this request.  As such, the Court will order the compensatory education to be awarded in this manner.

**4.  Did the ALJ err in denying Plaintiffs minimum wage reimbursement for transportation, time and effort?**

The IDEA states that the right to a FAPE includes related services which are to be provided without charge, 20 U.S.C. § 1401(9), (26), and under the IDEA transportation is considered to be a related service.  Plaintiffs argue that in both the October 11, 2013 and January 7, 2015 decisions, the ALJ erroneously denied Plaintiffs compensation for the time and effort spent transporting A.S. to and from Cherrywood.  The ALJ denied reimbursement in the October 11, 2014 decision due to the time being "priceless" and again in the January 7, 2015 decision for "lack of proof."

Plaintiffs cite three cases to support their argument that courts award reimbursement for both time and services for transporting their child.  All of Plaintiffs' cases are distinguishable.  In Malehorn on Behalf of Malehorn v. Hill City Sch. Dist., the court addressed mileage alone, which the ALJ did award in this case.  1997 DSD 31, ¶ 20, 987 F. Supp. 772, 779 (D.S.D. 1997).  In Moubry v. Indep. Sch. Dist. 696, Ely, Minn., the court held that the parents were entitled to "expenses" for transportation, but did not consider the issue of whether they were entitled to minimum wage.  9 F. Supp. 2d 1086, 1107 (D. Minn. 1998).  In Hurry v. Jones, 734 F.2d 879, 881 (1st Cir. 1984), due to the child's disability and weight, the school bus

14

was unable to transport the student.  The issue the court
considered was whether the parents were entitled to
reimbursement for transportation where the student's disability
required a special type of transportation to school.

Further, the Court agrees with Harrison that the
reimbursement ordered by the ALJ contemplated more than just the
cost of gas.  N.J.S.A. 52:14-17.1 states that mileage
reimbursement is compensation for the "actual expenses of
transportation."  Thus, the mile reimbursement ordered was for
all of the "actual expenses" of transporting A.S.  Accordingly,
the Court will not award Plaintiffs minimum wage for the time
spent transporting A.S. to and from Cherrywood.[3]  Ruby v.
Jefferson Cty. Bd. of Educ., 122 F. Supp. 3d 1288 (N.D. Ala.
2015) ("[Plaintiff] is entitled to costs, not wages. The court
concludes that Defendant did not deny Plaintiff a FAPE by
offering her only the costs associated with transporting L.L. to

---

[3] Plaintiffs further argue that the ALJ failed to distinguish
Bucks Cty. Dep't of Mental Health/Mental Retardation v.
Pennsylvania, 379 F.3d 61 (3d Cir. 2004) where a mother was
compensated for her time spent educating her disabled daughter.
This instance is vastly different, however, where there is no
case law or statutory precedent for awarding parents minimum
wage or any other amount for driving their child to school where
the parent already received mileage reimbursement.

and from [school], and not the costs that Defendant would have had to pay an employee in her stead.").

Plaintiffs also argue that the ALJ applied the wrong mileage rate.  In the October 11, 2013 decision, the ALJ used a mileage rate of $0.31 per mile while in the January 7, 2015 decision, the ALJ used a mileage rate of $0.235 per mile. Plaintiffs argue the appropriate mileage rate that should have been awarded is $0.50 per mile for the 2012-2013 school year and $0.56 per mile for the 2014-2015 school year, which represents the IRS standard business mileage rate.  During the October 11, 2013 due process hearing, the parties stipulated that the round trip to Cherrywood was 26 miles per day.  Plaintiffs thus request the $810.16 difference for the 2012-2013 school year and a $236.60 difference for the 2014-2015 school year.

Finding no guidance from our circuit, the Court has looked to other federal courts determining an appropriate mileage reimbursement rate.  The Court agrees with Plaintiffs that federal courts have calculated IDEA mileage reimbursement using the IRS standard business mileage rate at the time the mileage expenses were incurred.  B.P. v. Charlotte-Mecklenburg Bd. of Educ., No. 06-445, 2010 WL 1418334, at *2 (W.D.N.C. Apr. 2, 2010) ("The Court agrees with CMS that the mileage reimbursement should be calculated using the mileage rate in effect at the

16

time that the mileage expenses were incurred."); Ruby v.
Jefferson Cty. Bd. of Educ., 122 F. Supp. 3d 1288 (N.D. Ala.
2015) (utilizing the IRS's 2013 standard business mileage rate
for reimbursement); S.L. ex rel. Loof v. Upland Unified Sch.
Dist., 747 F.3d 1155, 1160 (9th Cir. 2014) (same).

Harrison argues that the ALJ relied on applicable Federal
and New Jersey statutes and regulations regarding the
appropriate mileage rate for school districts for official
business.  Plaintiffs, however, are not state employees.
Further, Harrison has submitted no support for their proposition
that Plaintiffs would be subject to this rate.  Accordingly, the
Court finds the ALJ erred in not using the IRS standard business
mileage rate at the time the mileage expenses were incurred.
Plaintiffs are entitled to an additional $1,046.76 ($810.16 +
$236.60) in mileage reimbursement.

**B. Harrison's argument: did the ALJ err in ordering tuition
   reimbursement for the seven-week Cherrywood placement in
   the fall of 2014?**

In the January 7, 2015 decision, the ALJ considered whether
A.S. was properly placed temporarily in Cherrywood in the fall
of 2014 and whether A.S.'s parents were entitled to tuition
reimbursement for the costs they incurred from this seven-week
placement.  Plaintiffs sought reimbursement for the expenses
they incurred at Cherrywood from September 22 through October

17

31, 2014, compensatory education, and time and transportation reimbursement.  Harrison argues that it appropriately offered A.S. home instruction while he awaited placement in another public school.  Harrison further argues that Plaintiffs' temporary private school selection, Cherrywood, was an inappropriate selection for compensatory education because it did not have a first grade and was neither accredited nor approved for the education of disabled students.  Harrison contends that it met its burden to prove that A.S. would have provided a FAPE through home instruction.

Under Third Circuit precedent, Plaintiffs are only entitled to reimbursement for private school tuition if the education placement offered by the district did not provide a FAPE and the private school placement was appropriate under the IDEA, a two-prong inquiry.  T.R. v. Kingwood Tp. Bd. of Educ., 205 F.3d 572, 581 (3d Cir. 2000).  This is the case even if the parent-chosen placement provides a less restrictive environment.  Id.  As a result of A.S. not having an IEP that could be implemented by East Greenwich, the district offered A.S. placement at Harrison as a general education student with modifications, or ten hours of weekly instruction by a special education teacher (Jan. 7, 2015 ALJ Decision at 18).  The ALJ found that there was "no other placement in the immediate offing."  (Id.)

In this factual scenario, the ALJ determined that Cherrywood was the more appropriate placement, even though it was unaccredited, because it was A.S.'s previous "stay-put" placement during the due process proceedings. The ALJ acknowledged, however, that Cherrywood was ineligible for placement consideration by the district because it was unaccredited.

As stated above, the burden is on the state to demonstrate that a FAPE was offered. Oberti v. Board of Educ. of Borough of Clementon School Dist., 995 F.2d 1204, 1219 (3d Cir. 1993). The district must establish that it conferred A.S. with a meaningful educational benefit. W.C. ex rel. R.C. v. Summit Bd. of Educ., No. 06-5222, 2007 WL 4591316, at *3 (D.N.J. Dec. 31, 2007) (citing Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 247 (3d Cir. 1999)).

The Court finds that Harrison has not met its burden to show that the ten hours of home instruction per week would have offered A.S. a FAPE, and indeed submits no evidence in support of this argument. See also W.C. ex rel. R.C. v. Summit Bd. of Educ., No. 06-5222, 2007 WL 4591316, at *6 (D.N.J. Dec. 31, 2007) ("[T]here is little question that the 10-hour per week 'interim' IEP would not enable R.C. to receive 'meaningful educational benefits' proportionate to her 'intellectual potential.'").

19

Harrison argues that home instruction was appropriate because Cherrywood did not offer a first grade or special education.  However, the ALJ found that Cherrywood was willing to modify the kindergarten program to a first grade inclusion class.  (Jan. 7, 2015 ALJ Decision at 26 ("Had the District made the inquiry, it would have found that Dr. McCabe-Odri was willing to, and did, modify the kindergarten program to provide first-grade instruction to A.S. as he could handle it.").  Further, Dr. McCabe-Odri testified that home instruction "would not have been clinically significant for him to improve his skills.  It would be deficient in the amount and frequency, and the setting would not replicate the social demands and the group dynamic of [the] classroom environment[.]"  (12/1/14 Tr. 88:21-89:1).

Additionally, the cases cited by the district in support of its proposition that home instruction was appropriate are distinguishable because there was either a safety or medical reason why the student required home instruction.  See, e.g., New Jersey Dep't of Educ. Complaint Investigation, C2012-4341, 2012 Super. Unpub. LEXIS 2294 (App. Div. 2012) (home instruction appropriate where student had a chronic health condition which left him unable to control his body temperature due to a brain defect); J.M., a minor child by his parents P.M. and M.M. v. Woodcliff Lake Bd. Of Edu., OAL Docket EDS-728-92 (September 28,

1992) (home instruction appropriate where student had cerebral palsy and required special equipment).  No similar circumstances are present here.

Having determined that the school district failed to provide a FAPE, the Court moves to the second part of the inquiry - whether Plaintiffs' unilateral placement at Cherrywood was proper.  Here, reimbursement is not barred by a private school's failure to meet state education standards (such as accreditation) because the standard which applies to state educational agencies does not apply to private parental placements.  Florence Cty. Sch. Dist. Four v. Carter By & Through Carter, 510 U.S. 7, 14, 114 S. Ct. 361, 365, 126 L. Ed. 2d 284 (1993).

The Court agrees with the ALJ's determination that the unilateral Cherrywood placement was proper and provided A.S. a meaningful educational opportunity.  First, it was the parties' last agreed upon placement just three months prior.  Second, the program was modified to provide A.S. with first grade instruction in an inclusionary setting and the evidence supports the ALJ's conclusion that Cherrywood provided A.S. with a meaningful education opportunity and learning.  (Jan. 7, 2015 ALJ Decision at 26.)  Accordingly, the Court affirms the ALJ's

January 7, 2015 decision and denies Harrison's summary judgment motion.

**C. Prevailing Parties**

In light of the Court's rulings, the parties may submit supplemental letter briefs no longer than five pages on the issue of prevailing party status.

**V.    <u>CONCLUSION</u>**

For the reasons discussed above, Plaintiffs' motion for summary judgment will be granted in part and denied in part. Harrison's motion for summary judgment will be denied.

An Order consistent with this Opinion will be entered.


                                              s/ Noel L. Hillman
Dated: April 29, 2016              NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

22