UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

A.S., et al.,

              Plaintiffs,           Civil No. 14-147 (NLH/KMW)

v.                              **OPINION**

HARRISON TOWNSHIP BOARD OF
EDUCATION, et al.,

              Defendants.

_____

**APPEARANCES:**

Jamie Epstein, Esquire
107 Cherry Parke, Suite C
Cherry Hill, New Jersey 08002
    *Counsel for Plaintiff*

Brett E.J. Gorman, Esquire
Parker McCay PA
9000 Midlantic Drive
Suite 300
Mt. Laurel, New Jersey 08054
    *Counsel for Defendant Harrison Township Board of Education*


**HILLMAN, District Judge**

      Presently before the Court is a motion for reconsideration filed by Defendant Harrison Township School District [Doc. No. 155]. Harrison seeks reconsideration of the Court's April 29, 2016 Opinion and Order on the administrative record. Specifically, Harrison requests that the Court reconsider: (1) its Order for 72 hours compensatory education from September 4, 2014 through September 19, 2014, rather than the 10 hours

1

ordered by the administrative law judge; and (2) its Order that 72 hours of compensatory education be provided in a trust fund to pay Partners in Learning.  For the reasons to be discussed, Harrison's motion will be denied.

A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Harrison's motion appears to be predicated on correcting an error of law or fact.  The Court first considers whether it

erred in awarding Plaintiffs 72 hours of compensatory education, rather than the 10 hours awarded by the administrative law judge (ALJ).  In their motion for summary judgment, Plaintiffs argued that the ALJ correctly awarded Plaintiff A.S. compensatory education for the twelve days he was denied any type of education from September 4-19, 2014.  Plaintiffs argued, however, that ALJ erred in only awarding ten hours per week of home instruction when she should have awarded 72 hours, which accounts for the hour-for-hour that the District denied A.S. any type of educational benefit.  The Court found that A.S. was entitled to 72 hours of compensatory education because: "The Court believes an award of full days of compensatory education are appropriate where A.S. received no educational benefit during this time." (Op. at 13.)  The Court also found that Harrison did not put forth a meaningful opposition to Plaintiffs' argument in their brief.  (Id.)

Harrison requests that the Court reconsider that Order because it opposed Plaintiff's request for 72 hours of compensatory education.  Harrison's opposition to this award is based upon the special education regulations, specifically N.J.A.C. 6A:14-4.8, which Harrison argues sets "the legal requirement for home instruction for disabled students at 10 hours per week." (Br. at 4.)  Read carefully, N.J.A.C. 6A:14-4.8 requires that: "Instruction shall be provided for no fewer than

10 hours per week." N.J.A.C. 6A:14-4.8(a)(4). The sources cited by the District support the Court's plain reading of the statute. See New Jersey Dep't of Educ. Complaint Investigation C2012-4341, 2012 N.J. Super. Unpub. LEXIS 2294 (App. Div. Oct. 11, 2012) (finding that five hours of instruction was insufficient pursuant to N.J.A.C. 6A:14-4.8); M.M. v. Woodcliff Lake Bd. Of Edu., OAL Docket EDS-728-92 (September 28, 1992) (ordering "no fewer than" 10 hours of home instruction pursuant to N.J.A.C. 6A:14-4.8). While these two opinions did not specifically find more than 10 hours of home instruction warranted under the facts of the case, the statute clearly states that 10 hours is the minimum, not maximum award. In its April 29, 2016 Opinion, the Court found that 72 hours of compensatory education, rather than 10 hours, was appropriate because A.S. "received no educational benefit" between September 4-19, 2014.

"[C]ourts, in the exercise of their broad discretion, may award [compensatory education] to whatever extent necessary to make up for the child's lost progress and to restore the child to the educational path he or she would have traveled but for the deprivation." G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 625 (3d Cir. 2015); see also M.C. on Behalf of J.C. v. Cent. Reg'l Sch. Dist., 81 F.3d 389, 397 (3d Cir. 1996) ("a school district that knows or should know that a child has an

4

inappropriate IEP or is not receiving more than a de minimis educational benefit must correct the situation. If it fails to do so, a disabled child is entitled to compensatory education for a period equal to the period of deprivation, but excluding the time reasonably required for the school district to rectify the problem."); Lester H. by Octavia P. v. Gilhool, 916 F.2d 865, 873 (3d Cir. 1990) (Congress "allow[s] the courts to fashion an appropriate remedy to cure the deprivation of a child's right to a free appropriate public education").  The Court has reconsidered Harrison's opposition and finds no error in law or fact and will not reverse its Order of 72 hours of compensatory education for this period in which A.S. received no educational benefit at all.

In its motion for summary judgment, Plaintiffs requested that the Court order compensatory education placed in a trust fund to pay Partners in Learning.  The Court found no opposition to this request in Harrison's briefs and granted Plaintiffs relief.  Harrison argues that it opposed Plaintiffs' request in its opposition brief wherein it stated that payment via a trust fund was "unprecedented" and not "cognizable." (Opp. Br. at 14 [Doc. No. 125].)  The Court will reconsider Harrison's arguments on whether a trust fund was an inappropriate mechanism to grant Plaintiffs relief.

In arguing that Plaintiffs' requested relief was unprecedented, the District distinguished the cases cited by Plaintiffs, Keystone Cent. Sch. Dist. v. E.E. ex rel. H.E., 438 F. Supp. 2d 519 (M.D. Pa. 2006) and Heather D. v. Northampton Area Sch. Dist., 511 F. Supp. 2d 549, 563 (E.D. Pa. 2007), neither of which discussed the creation of a trust fund for compensatory education.  The parties also cited the Third Circuit case Ferren C. v. Sch. Dist. of Philadelphia, 612 F.3d 712 (3d Cir. 2010).  In Ferren, the Third Circuit affirmed a district court order rejecting a school district's proposal to fund a trust account for Ferren's compensatory education past her 21st birthday without providing other services including an individualized education plan.  The district court found that it could order the school district to do more than "write a check" and ordered an IEP to be made.  The Third Circuit affirmed and observed, "a 'money-only' type of award for Ferren is exactly the type of empty victory that the Supreme Court sought to avoid in [Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359 (1985)]."  Id. at 719-20.  Ferren must be read narrowly, however, as the Third Circuit appeared to be concerned with the unique situation that the school district desired only to provide money in a trust account to satisfy its IDEA obligations and opposed providing other educational services past Ferren's 21st birthday.  The decision did not

6

discuss trust funds as vehicles for students to obtain compensatory education in a substantive way and for this reason none of these cases are helpful to the Court's analysis.

Nonetheless, the Court finds no error of law in ordering the District to pay compensatory education through a trust fund. The IDEA permits courts to "grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C)(iii). Further, the Third Circuit has stated that, "we discern nothing in the text or history suggesting that relief under IDEA is limited in any way . . . Congress expressly contemplated that the courts would fashion remedies not specifically enumerated in IDEA." W.B. v. Matula, 67 F.3d 484, 494-95 (3d Cir. 1995) abrogated by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007) (overruled on other grounds).  Further, the creation of trust funds is not a novel mechanism in the IDEA context. See Charlene R. v. Solomon Charter Sch., 63 F. Supp. 3d 510, 512 (E.D. Pa. 2014) (enforcing agreement between child and charter school which established a trust fund and finding the agreement did not conflict with the IDEA or its purposes); J.C. ex rel. J.C. v. Vacaville Unified Sch. Dist., No. S-05-92, 2006 WL 2644897, at *9 (E.D. Cal. Sept. 14, 2006) (ordering over $37,000 in compensatory education to be paid into a special needs trust due to the student's relocation).

In the January 7, 2015 administrative law decision, the ALJ found that A.S. was entitled to compensatory education for the twelve days he did not attend school from September 4-19, 2014. The ALJ further ordered that "instruction shall be provided through Partners in Learning, which continues to provide services to A.S. in his current educational placement." (1/7/15 ALJ Decision at 30.)  Plaintiff requested that the Court order a trust fund to be established to pay Partners in Learning.  The Court finds this relief it granted in its April 29, 2015 Opinion and Order is appropriate and will further ensure A.S. receives the ordered compensatory education.[1]

Accordingly, for the foregoing reasons, the District's motion for reconsideration will be granted to address the Defendant's arguments but the earlier decision affirmed in all respects.  An appropriate Order will be entered.

                              /s Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

August 18, 2016

---

[1] This decision should not be read to stand for the proposition that the creation of trust funds is appropriate in every scenario.