UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

A.S., a minor, individually and by his parents H.S. and M.S.,

    Plaintiffs,

v.

HARRISON TOWNSHIP BOARD OF EDUCATION and EAST GREENWICH SCHOOL DISTRICT,

    Defendants.

HONORABLE NOEL L. HILLMAN

CIVIL ACTION NO. 14-147
(NLH/KMW)

**OPINION**

**APPEARANCES:**

JAMIE EPSTEIN, ESQ.
107 Cherry Parke, Suite C
Cherry Hill, New Jersey 08002
    Counsel for Plaintiff

PARKER McCAY, P.A.
By: Brett Gorman, Esq.
9000 Midlantic Drive, Suite 300
Mount Laurel, New Jersey 08054
    Counsel for Defendant Harrison Township Board of Education

COOPER LEVENSON, P.A.
By: William S. Donio, Esq.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401
    Counsel for Defendant East Greenwich School District

**HILLMAN**, United States District Judge:

    Presently before the Court are Plaintiffs' Motions to Seal [Docket #s 184, 200] the financial terms of their settlement of this Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, et

1

seq., ("IDEA"), suit. For the reasons stated herein, the motions will be granted.

**I.**

Plaintiffs have brought this suit against the public school districts of Harrison Township and East Greenwich Township on behalf of their 9 year-old child, A.S., who is undisputedly disabled. Harrison Township has settled with Plaintiffs. East Greenwich has not, and continues with active litigation of this suit.

On December 8, 2016 the Settlement Agreement between Plaintiffs and Defendant Harrison Township Board of Education was filed with the Court (under temporary seal) in support of those parties' joint motion for approval of the settlement.[1] A publicly-available version of the Settlement Agreement, with only the dollar figures redacted, has been filed separately on the docket.

**II.**

It is well established that there is "a common law public right of access to judicial proceedings and records." *In re Cendant, Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). In order to overcome the presumption of a public right to access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. *Securimetrics, Inc. v. Iridian Technologies, Inc.*, 2006 U.S. Dist. LEXIS 22297at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will

---

[1] The Court approved the settlement on April 12, 2017.

cause a "clearly defined and serious injury to the party seeking closure." *Id.* (*citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

Local Civil Rule 5.3(c)(3) requires that a motion to seal describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

"Any settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available for public review." L. Civ. R. 5.3(d)(2).

## III.

Plaintiffs and Defendant Harrison Township request that the financial terms of the settlement agreement be sealed. Defendant East Greenwich Township opposes sealing, asserting that the financial terms of the settlement must be disclosed because Defendant Harrison Township is a public entity. (Docket #179)

To be sure, East Greenwich's argument oversimplifies the issue. It is not the law that every term of a settlement agreement entered

3

into by any "public entity" must be made public simply because the entity is public.[2] On the other hand, it is not East Greenwich's burden to persuade this Court that the financial terms should be unsealed. Rather, it is Plaintiffs' burden to demonstrate, with specific reference to the L. Civ. R. 5.3 factors, that there is good cause to seal the terms. Accordingly, the Court now turns to the relevant Rule 5.3(c)(3) factors.

**A. Nature of the information at issue**

The information at issue is: (1) the "net recovery" amount that Harrison Township has agreed to pay, and (2) out of that net recovery, the amount that will be allocated for (a) Plaintiffs' attorney's fees and costs; (b) Plaintiffs' out-of-pocket fees and costs incident to this litigation; and (c) payment into a trust for the benefit of the minor.

**B. Legitimate private and public interests involved**

This suit and settlement involve the educational expenses of a disabled minor. Plaintiffs and their minor child have a legitimate expectation of privacy in that information.

---

[2] East Greenwich relies upon Judge Kugler's opinion in *Goldberg v. Egg Harbor Township School District*, 2011 U.S. Dist. LEXIS 131390 (D.N.J. Nov. 14, 2011) which held, in an employment discrimination suit, that the defendant's counterclaim for breach of the confidentiality clause contained in the parties' settlement agreement failed as a matter of law because the confidentiality clause was unenforceable as a matter of public policy. *Goldberg* is factually and procedurally distinguishable from this case.

4

However, there is at least some general public interest in how much any public school board pays to settle a lawsuit such as this. But in this case, there is no evidence that any member of the public from Harrison Township has any interest in how much money the Township paid to these particular Plaintiffs.

The only entity that does have an interest is Harrison Township's non-settling Co-Defendant, Greenwich Township. Greenwich Township does not explain why it wants to know this information, although the Court cannot overlook the obvious fact that knowing such information would be helpful to Greenwich in its continued litigation against Plaintiffs. This interest, however, is a purely private interest that is specific to Greenwich Township within the specific context of this litigation, and therefore carries little weight in the balancing of the sealing factors.

**C. Clearly defined and serious injury that would result from disclosure**

Plaintiffs assert that Harrison will "reject" the settlement if the financial terms are made public. (Affidavit of Jamie Epstein, Esq. ¶ 12)[3] The Court does not accept this asserted injury as a valid reason to seal. To hold otherwise would be to effectively allow the parties to usurp the Court's power to decide sealing motions simply by conditioning their settlement upon non-disclosure of the financial terms.

---

[3] Notably, Harrison Township itself has not made such an assertion.

Nonetheless, the Court holds that there are other clearly defined and serious injuries that would result from disclosure.

First, Plaintiffs may suffer embarrassment from public disclosure of the terms of their settlement, which, as stated before, is intended to compensate Plaintiffs for the educational expenses of their disabled minor child.

Second, in light of the continuing litigation with East Greenwich, disclosure of the financial terms will potentially place Plaintiffs at an unfair disadvantage in the continuation of that litigation.

**D. Least restrictive alternative**

Plaintiffs and Defendant Harrison Township seek to redact only the dollar figures in the Settlement Agreement, rather than seal the entire agreement. The Court holds that this is the least restrictive alternative.

**IV.**

For the reasons set forth above, the Motions to Seal will be granted. An appropriate Order accompanies this Opinion.

Dated: May 8, 2017  ____s/ Noel L. Hillman____
At Camden, New Jersey  **Noel L. Hillman, U.S.D.J.**